(112 N. W. 984.).

---

FRED E. HARRIS v. ROLETTE COUNTY.

Opinion filed June 24, 1907.

**Criminal Law — Preliminary Examination — Appointment of Counsel — Power of Justice of the Peace.**

1. A justice of the peace, acting as a committing magistrate, is not authorized under the provisions of the Revised Codes to appoint counsel to defend the person accused of crime and brought before him for preliminary examination, and has no inherent power to make such appointment, or to make a valid order that the county pay such counsel.

**Same.**

2. A preliminary examination of a person accused of crime is not a trial within the meaning of that term in section 10216, Rev. Codes 1905.

**Same.**

3. A committing magistrate has in general only such powers as are conferred upon him by statute.

Appeal from District Court, Rolette county; *John F. Cowan, J.*

Action by Fred E. Harris against Rolette county. From a judgment for defendant plaintiff appeals.

Affirmed.

*Fred E. Harris* and *H. E Plymat,* for appellant.

Preliminary examination is a "trial." Ex parte Bedford, 106 Mo. 625; State v. McOblenis, 24 Mo. 402; Low v. People, 12

Wend, 344; People v. Napthaly, 39 Pac. 29; 16 Enc. Pl. & Pr. 846; People v. Elliott, 22 Pac. 207.

The county is liable on implied contract. Webb v. Baird, 6 Ind. 13; Blythe v. State, 4 Ind. 325; Dane County v. Smith, 13 Wis. 585; Cheek v. Schwartz, 70 Ind. 339; Buchman v. State, 69 Ind. 1.

*Wm. Bateson,* for respondent.

Preliminary examination is not a criminal action. State v. Rozum, 8 N. D. 548, 80 N. W. 477.

Appellant cannot recover on an implied contract. Wayne County v. Waller, 90 Pa. 99, 35 Am. Rep. 636; Rowe v. Yuba County 17 Cal. 61; Vise v. Hamilton County, 19 Ill. 78; In re Eaton, 7 N. D. 269, 74 N. W. 870.

MORGAN, C. J. This appeal presents the question of the right of an attorney to demand compensation from the county when he has been assigned by a justice's court to appear for an indigent defendant on a preliminary examination upon a charge of unlawfully selling mortgaged property. The plaintiff was assigned to defend, and appeared for the defendant, and the justice of the peace fixed his compensation at the sum of $25. The county commissioners refused to pay or allow said sum as a claim against the county. Thereupon plaintiff brought an action against the county for said sum in justice's court, and recovered judgment for said sum with costs. The district court reversed the judgment of the justice of the peace on appeal thereto, and dismissed plaintiff's action.

The sole question before us is whether the county is liable for a reasonable attorney's fee under such facts. Section 13 of the Constitution gives to one accused of crime the right "to appear and defend in person and with counsel." Section 9758, Rev. Codes 1905, relating to preliminary examinations, provides that "the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings." Section 9759 is as follows: "He must allow the defendant a reasonable time to send for counsel, and adjourn the examination for that purpose; and must, upon the request of the defendant, require a peace officer to take a message to such counsel in the county or city as the defendant may name. The

officer must, without delay, perform that duty, and shall receive fees therefor as upon service of a subpena." Section 9760 is as follows: "The magistrate before whom the accused is brought, must, unless a change of the place of trial is had under the provisions of the next section, immediately after the appearance of counsel, or, if none appears and the accused requires the aid of counsel, after waiting a reasonable time therefor, proceed to examine the case." Section 8475, Rev. Codes 1905, is as follows: "When the defendant is brought before the justice he must be allowed a reasonable time and opportunity to procure counsel." Section 10216 is as follows: "In all criminal actions when it is satisfactorily shown to the court that the defendant has no means and is unable to employ counsel, the court shall appoint and assign counsel for his defense and allow and direct to be paid by the county in which such trial is had, a reasonable and just compensation to the attorney so assigned for such services as he may render; provided, however, that such attorney shall not be paid a sum to exceed twenty-five dollars in any one case."

It is claimed by the appellant that the section last quoted confers upon a justice's court the power to assign counsel for the defense of indigent persons on a preliminary examination. The argument advanced is that a preliminary examination is a trial within the meaning of that section. We cannot agree to this conclusion. See Enc. Pl. & Pr. p. 821, and cases cited. Upon a trial, whether civil or criminal, certain issues are determined finally. In a trial of a criminal action, the guilt of the accused is finally determined subject to appeal or other proceedings. On a preliminary examination there is no final determination of any issue on the question of guilt. The accused is held to answer on showing of probable cause of guilt, or discharged. If held to answer, the trial may follow in a court of record, but the examination is no part thereof. The mere reading of section 10216, supra, makes it too clear for discussion that it can have no application to preliminary examinations. It plainly applies to trials only. It may be admitted that a preliminary examination is a proceeding in a criminal action, and still plaintiff's contention that this section applies to preliminary examinations would not follow. If the county is liable for attorney's fees on preliminary examinations, the liability must rest upon some other provision of law. The constitutional provision referred to has no application to the ques-

tion involved. That provision guarantees to all accused persons the right to have counsel appear for them. As to the compensation of such counsel, that provision determines nothing. On reading the foregoing provisions of the statute, it is clear that they confer on committing magistrates no power to appoint counsel for indigent persons. Committing magistrates are of limited powers, and must look to statutory provisions to authorize their acts. They have no inherent power to bind the county for the compensation of attorneys appointed by them to defend indigent persons. Strictly speaking, they have no power to appoint such attorneys. All that these magistrates have power to do, and the only duty enjoined on them by the Constitution or statutes, is to grant defendants in criminal cases the right and opportunity to procure and to be heard by counsel. The power of appointment and to fix the compensation is not granted to justices of the peace or magistrates.

On comparison of sections 8475, 9759, and 9760, with section 10216, it is seen that the legislature has said what the rights of the accused are as to having counsel to represent him in every criminal proceeding before courts. The fact that no power is given justices of the peace or committing magistrates to appoint counsel and provide for their compensation, and, having made such provisions by section 10216, supra, it seems evident that the legislature intended to withhold such power from these inferior courts. Persons accused of crime, who are without means, have no constitutional right to have counsel assigned to them and paid by the county. They have the right to be represented by counsel, but that means no more than that they shall provide for their compensation and employment themselves. The statutes do not in terms or by implication empower these inferior courts to bind the county to pay for attorney's services under such circumstances. A reading of all the statutory provisions relating to this subject clearly shows that it was not intended to confer such power upon justices of the peace or committing magistrates. It is a matter of doubt whether courts of record have the power to bind the county for the compensation of attorneys appointed by them to defend indigent persons accused of crime in the absence of statutory authority. There is a wide diversity of judicial opinions on this question among courts of high standing. People ex rel. Ransom v. Board of Supervisors of Niagara County, 78 N. Y. 622;

People ex rel. Hadley v. Supervisors of Albany, 28 How. Pr. (N. Y.) 22; Whicher v. Cedar County, 1 G. Greene (Iowa) 217; Vise v. County of Hamilton, 19 Ill. 78; Carpenter v. County of Dane, 9 Wis. 274. No cases have been cited or found bearing upon the right of inferior courts to provide for the payment of attorneys appointed by them to appear for accused persons without means. Our conclusion is that the Code provisions negative their power to appoint attorneys in such cases, and that the power does not exist without statutory creation. It may seem harsh to deprive indigent persons of the right to have counsel on all occasions when charged with offenses, but we have nothing to do with the policy of the law. In practice we think that injurious consequences will seldom follow from the fact that the legislature has not provided for the appointment and payment of counsel for indigent persons on their preliminary examinations.

The judgment is affirmed. All concur.