## 22590. BALKCOM v. GARDNER.

SUBMITTED SEPTEMBER 14, 1964—DECIDED OCTOBER 15, 1964.

*Eugene Cook, Attorney General, Albert Sidney Johnson, F. Douglas King, Peyton S. Hawes, Jr., Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for plaintiff in error.

Harry A. Gardner, *pro se.*

PER CURIAM. Harry A. Gardner, Jr., in his petition for the writ of habeas corpus, sought his release from the custody of R. P. Balkcom, Jr., Warden of the State penitentiary. He alleged that on February 1, 1962, he plead guilty to several accusations charging him with burglary in the Superior Courts of Warren, McDuffie and Lincoln Counties; that the sentences were void for the reason he was denied the benefit of counsel in violation of his rights under the Federal and State Constitutions.

On the hearing the petitioner testified that: "On February 1, 1962, I was sentenced in the Superior Court of Warren County on two charges of burglary, one (1) to one (1) year and two (2) to four (4) years consecutive. Then on the same day I was sentenced in McDuffie to two (2) to four (4) years on case #5263, and one (1) to one (1) year on case #5261 consecutive to #5263, one to one year on case #5262 consecutive to #5261, and one to one year on case #5259 concurrent to case #5263. On

that same day I was taken to Lincoln County and sentenced on case #24, #25, #5263 and #5261, and #5259. All of said sentences were for burglary. I asked for a lawyer but I didn't get one. I was ignorant and didn't know what I was doing when I signed the guilty pleas." The Solicitor General of the Toombs Judicial Circuit testified that: "he was personally present in his official capacity at the time pleas of guilty were entered in the Superior Courts of Warren and Lincoln Counties by Harry A. Gardner, Jr.; that Harry A. Gardner, Jr., did not request counsel to be afforded him, intelligently and voluntarily signed his plea of guilty and waived a jury trial personally; said Harry A. Gardner, Jr., did not request a jury trial on the issues, as he had confessed the crimes for which he was sentenced and was not denied counsel." Certified copies of the records of these courts, showing the accusations, waivers of the indictments, pleas of guilty and sentences, were before the trial judge.

At the conclusion of the hearing, the court entered an order declaring all the sentences under which the petitioner was held to be null and void. The order also provided: "In the event the petitioner is sentenced subsequent to the date of this order in any one of the said Superior Courts of Warren, McDuffie and Lincoln Counties for the offense or offenses on which the said void and illegal sentences were based, then in that event, it is hereby ordered that the petitioner shall receive credit on said sentence or sentences that are subsequent to the date hereof for the time which he has spent in the confines of the Georgia State Prison system under and by virtue of the said illegal sentence or sentences from the respective county or counties."

■ The evidence as to whether the petitioner was denied legal counsel being in sharp conflict, we cannot say that the trial judge abused his discretion in resolving the issue against the contention of the respondent that the petitioner was not denied benefit of counsel. *Grammer v. Balkcom,* 215 Ga. 395 (110 SE2d 749).

■ The trial court was without authority to enter the order, quoted above, as to the petitioner receiving credit in event of his subsequent convictions for the offenses under which he was presently held. *Balkcom v. Vickers,* 220 Ga. 345. Direction is given

■

354

in the return of the remittitur to the trial court, that that portion of the order be stricken.

*Judgment affirmed with direction. All the Justices concur, except Candler, Almand and Mobley, JJ., who dissent.*

ALMAND, Justice, dissenting. The reasons for my dissent are stated by Justice Candler in his dissent in *Balkcom v. Williams*, 220 Ga. 359.