18555

Edward TUCKER, Respondent, v. STATE of South Carolina
et al., Appellants

(149 S. E. (2d) 769)

*Messrs. Daniel R. McLeod, Attorney General,* and *C. T. Goolsby, Jr.,* and *Edward B. Latimer, Assistant Attorneys General,* of Columbia, *for Appellants,*

*Messrs. George L. Dial, Jr.,* and *W. Ray Berry,* of Columbia, *for Respondent,*

August 26, 1966.

BRAILSFORD, Justice.

In this habeas corpus proceeding, the circuit court set aside the petitioner's 1934 Berkeley County sentence of imprisonment for life, and remanded him to the custody of the sheriff. The State has appealed on a single exception, which charges that the court erred in failing to hold that the petitioner's uncorroborated testimony that he was without counsel at his 1934 trial was legally insufficient to overcome the court record, which reflected that he was represented by two attorneys by appointment of the court.

Petitioner was indicted for murder at the October 1934 term of the Court of General Sessions for Berkeley County, W. C. Wolfe, Esq., special judge, presiding. Under the title of the case, the following entries are found in the journal of the court:

"Indictment: Murder—Sol. for State: J. F. Eatmon & N. N. Newell appointed for defense." [1]

---

[1] The special judge and the gentlemen referred to in the journal as having been appointed for the defense, all of whom are deceased, were well known to the members of this court. Mr. Wolfe, a leader of the South Carolina Bar, was thoroughly familiar with criminal procedure

The journal further indicates that a jury was drawn and a consent verdict of guilty with recommendation to mercy was taken. Submission to a verdict of guilty with recommendation to mercy is the established practice in this jurisdiction when a defendant wishes to plead guilty in a capital case. Both parties speak of the disposition of the case against petitioner as a plea of guilty, which in substance and effect it was.

Many years later, more than thirty, petitioner in *habeas corpus* claims that he was denied the assistance of counsel. He testified that he was arrested and placed in jail some three weeks before being taken into court to be sentenced; that no lawyer ever came to see him, and that he was sentenced to life imprisonment after a short colloquy between the petitioner and the court, in which he was never offered the assistance of counsel. Of the participants in the trial and of those who were present, only petitioner is now alive and professes to any recollection of what occurred.

It is well settled that the burden is upon a petitioner in *habeas corpus* to sustain the allegations of his petition by the greater weight or preponderance of the evidence. The question before us is whether after the lapse of many years the uncorroborated testimony of the petitioner is legally sufficient to sustain this burden of proof, even though it is contradicted by unimpeached court records which reflect a different state of facts.

It appears to be the general rule that, ordinarily, a petitioner's unsupported and uncorroborated statements, when opposed by a court record, will not satisfy the burden of proof. 39 C. J. S. Habeas Corpus § 100c., at 675. We agree with the decision of the Supreme Court of Ohio in *Murphy v. Maxwell,* 177 Ohio St. 174, 203 N. E. (2d) 233, on facts analogous to those with which we deal. We quote:

---

in capital cases. Mr. Newell was an able and experienced lawyer of Berkeley County. Mr. Eatmon was a young lawyer of integrity and zeal. He later became a distinguished circuit judge and served in this position until his untimely death.

"Petitioner contends that he had not only never saw such counsel but that he had never even heard of him. (sic) In the face of the written record where it is shown that counsel was appointed * * such testimony is unbelievable. Where, as here, there is a conflict in evidence as shown by a written judicial record and the memory of the petitioner in relation to facts which occurred some 20 years ago, the record of the trial court must be considered more reliable than the memory of the petitioner." 203 N. E. (2d) at 234. See also: *Halleck v. Koloski,* 4 Ohio St. (2d) 76, 212 N. E. (2d) 601; and *Jack v. Raines,* Okl., 373 P. (2d) 271.

The only cases cited *contra* are *Balkcom v. Gardner,* 220 Ga. 352, 139 S. E. (2d) 129, and *Balkcom v. Vickers,* 220 Ga. 345, 138 S. E. (2d) 868, in each of which a divided court refused to reverse the trial court's finding based upon petitioner's uncorroborated testimony that he was denied the assistance of counsel. However, the records in both of these cases were silent on the question of whether the assistance of counsel was afforded. Therefore, they are not persuasive on the facts presented by this record.

Respondent next contends that this court is bound by the trial court's finding of fact which is supported by some evidence, *i.e.,* the petitioner's testimony. We recognize the limitations on our jurisdiction in reviewing a law case, where we sit as a court for the correction of errors at law only. Constitution of South Carolina, 1895, Art. 5, Sec. 4; Sec. 15-123, Code of Laws 1962. However, the rule which we follow goes to the legal sufficiency of the evidence, and the legal sufficiency of evidence to sustain a finding is a question of law.

Reversed.

Moss, C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting Associate Justice, concur.