STATE of North Dakota, Plaintiff and
Respondent,

v.

Henry STARRATT, Defendant and Appellant.

Cr. 356.

Supreme Court of North Dakota.

Oct. 9, 1967.

James D. Schlosser, Bismarck, for appellant.

Helgi Johanneson, Atty. Gen., Bismarck, and Clinton R. Ottmar, State's Atty., and

David Nething, Asst. State's Atty., Jamestown, for respondent.

ERICKSTAD, Judge.

The defendant, Henry Starratt, was sentenced to not less than five years nor more than ten years in the state penitentiary by the District Court of Stutsman County on December 14, 1964. While serving his sentence, Mr. Starratt, through counsel appointed for him, petitioned the said district court to set aside that judgment and to permit him to withdraw his plea of guilty of the crime of burglary, upon which plea he had previously been sentenced by the court.

In the petition Mr. Starratt asserted that he was arrested in Jamestown on December 5, 1964, on the charge of burglary, and that on December 7 he was taken before the Stutsman County Court with Increased Jurisdiction for a preliminary hearing on that charge. He stated that he was asked if he would waive the preliminary hearing and that he consented to do so; that he was bound over to the district court, bond being set at $3,000; and that, being unable to post that bond, he was remanded into the custody of the sheriff to await trial. He stated that the county judge did not inform him that he had the right to be represented by counsel or that if he was indigent, he had the right to have the court appoint counsel to represent him. He further asserted that he was held in custody in the Stutsman County jail from December 7 until December 14, 1964, and that during this period he was not advised of his right, as an indigent, to appointed counsel.

He alleged further that on December 14, while awaiting the appearance of the district judge, he asked the assistant state's attorney about the distinction between burglary and unlawful entry; and he contends that the assistant state's attorney informed him that there was no difference between the two crimes, that the intent of the individual would determine which law had been violated, and that the State could charge criminal intent but that it didn't have to prove it. He further asserted that because of these statements by the assistant state's attorney, he entered his plea of guilty at the arraignment before the district court.

We cannot determine exactly what happened at the hearing on the petitioner's motion to set aside the judgment, as we do not have a transcript of those proceedings other than a transcript of the ruling on the motion.

The certificate settling the statement of the case, however, includes, among other things, the criminal complaint, dated December 5; the certification by the county judge of the proceedings before him, dated December 7; the criminal information, dated December 14; the state's attorney's statement upon the defendant's request to plead guilty, which includes the defendant's confession of guilt, dated December 14; and the judgment of the district court, dated December 14.

On the district court's denial of the petitioner's motion to set aside the judgment, the petitioner appealed. From what is contained in the petitioner's brief on this appeal and from what was said by his counsel in the oral argument before this court, we conclude that the petitioner has abandoned his contention that he was misled by any remarks of the assistant state's attorney, if any were made. He merely refers to the allegation that such a conversation was had between the assistant state's attorney and the petitioner on the date of the arraignment to support his argument that it was important that he have counsel appointed before the time of the arraignment.

It should be noted that the petitioner does not contend that he was not advised at the arraignment of his right to have counsel of his choice represent him, or, if he was without funds, to have counsel appointed by the court represent him; nor would such a contention, if it had been made, have been supported by the record in this case, as the record clearly indicates

that he was informed of these rights and that he understandingly waived them at the time of his arraignment.

The only record we have of what happened at the time of the appearance of the petitioner before the county court is contained in the county judge's certification of the proceedings before him. The certificate states that in the presence of the petitioner the complaint charging him with the crime of burglary was read by the state's attorney; that thereafter the petitioner was advised of all of his statutory and constitutional rights; and that after being so advised the petitioner waived preliminary hearing.

It is the petitioner's contention that, contrary to the court's certification, he was not advised that he had the right to counsel and that if he was indigent, he had the right to have counsel appointed for him. He further contends that if it is to be assumed from the certificate that he was so advised, the certificate is nevertheless inadequate, in that it fails to show that he waived those rights, merely stating that he waived his right to a preliminary hearing.

Although the certificate is not one to be commended as an example for future use by committing magistrates, especially in light of the amendments to § 29–07–01, N.D.C.C., as contained in Chapter 259 of the 1967 Session Laws, its sufficiency must be considered in light of the provisions of § 29–07–01 as of 1964. Had the committing magistrate's certificate disclosed the specific rights the petitioner was informed of and the specific rights he waived, and had the proceedings been stenographically recorded our course would be much clearer. Certainly these would have been better practices, but, as we must decide the case on the record before us, we shall begin our study with a review of the controlling statute as of 1964. It then read as follows:

29–07–01. Magistrate's duty—Testimony may be taken.—When the defendant is brought before a magistrate upon an arrest, either with or without a warrant, on a charge of having committed a public offense which the magistrate is without authority to try and determine, the magistrate immediately shall inform him:

1. Of the charge against him;

2. Of his right to the aid of counsel in every stage of the proceedings; and

3. Of his right to waive an examination.

North Dakota Century Code.

■ If he was advised of all of his constitutional and statutory rights, he must certainly have been advised of his right to the aid of counsel at every stage of the proceedings. The burden of proving by a preponderance of the evidence that something occurred, other than what was certified to by the committing magistrate, is upon the petitioner. Cf. Moore v. Michigan, 355 U.S. 155, 161–162, 78 S.Ct. 191, 195, 2 L.Ed.2d 167 (defendant bears the burden of proof in a collateral attack upon judgment—rule stated, but burden held sustained); Amer v. United States, 367 F.2d 803 (8th Cir. 1967); Estep v. United States, 251 F.2d 579 (5th Cir. 1958); Halleck v. Koloski, 4 Ohio St.2d 76, 212 N.E.2d 601; Tucker v. State, 248 S.C. 344, 149 S.E.2d 769; McGuffey v. Turner, 18 Utah 2d 354, 423 P.2d 166.

In State v. Magrum, 76 N.D. 527, 38 N.W.2d 358, this court said:

Upon a motion to set aside a judgment of conviction upon the grounds of fraud, duress or the denial of counsel, the burden of proof is upon the defendant to establish the facts upon which he relies as a basis for relief.

State v. Magrum, supra, 359 [Syllabus 5].

In *Magrum* considerable evidence was submitted to show that the petitioner did not freely and intelligently waive his right to counsel.

All that we have here is the uncorroborated or unsupported affidavit of the interested party.

The record imports verity and cannot be contradicted by the unsupported assertion of the petitioner. See Yodock v. United States, 97 F.Supp. 307, 311 (M.D. Pa. 1951). In that case the petitioner did not allege that he had not been informed of his right to counsel but that he had not been arraigned. The court, citing Johnson v. United States, 225 U.S. 405, 32 S.Ct. 748, 56 L.Ed. 1142, said that the record imports verity and cannot be contradicted by the unsupported assertion of the petitioner, and that therefore the petitioner's allegation was without merit. See also: Brown v. State, 198 Kan. 527, 426 P.2d 49; Tucker v. State, supra.

In Halleck v. Koloski, supra, the Supreme Court of Ohio said that in an action in habeas corpus, the burden of proof is upon the petitioner to establish his right to release. We believe that this is the proper rule to apply in a civil action to set aside a judgment in a criminal proceeding.

It is our view that the uncorroborated affidavit of the petitioner is an insufficient basis upon which to conclude that he was not in fact advised of his right to counsel, when the record, as certified by the committing magistrate, discloses that he was advised of all his statutory and constitutional rights.

The petitioner contends that under the provisions of § 29–01–27, N.D.C.C., he was entitled to a court-appointed attorney at the time of his appearance before the committing magistrate. That section read as follows:

29–01–27. Indigent defendant—Attorney appointed—Compensation—Limitation.—In all criminal actions when it is satisfactorily shown to the court that the defendant has no means and is unable to employ counsel, the court shall appoint and assign counsel for his defense and allow and direct to be paid by the county in which such trial is had a reasonable and just compensation to the attorney so assigned for such services as he may render, but such attorney shall not be paid a sum to exceed twenty-five dollars per day in any one case.

North Dakota Century Code.

However, this court placed a contrary construction on that section of the code as early as 1907, when it said, in Harris v. Rolette County, 16 N.D. 204, 112 N.W. 971, 972:

It is claimed by the appellant that the section last quoted confers upon a justice's court the power to assign counsel for the defense of indigent persons on a preliminary examination. The argument advanced is that a preliminary examination is a trial within the meaning of that section. We cannot agree to this conclusion. * * * Upon a trial, whether civil or criminal, certain issues are determined finally. In a trial of a criminal action, the guilt of the accused is finally determined subject to appeal or other proceedings. On a preliminary examination there is no final determination of any issue on the question of guilt. The accused is held to answer on showing of probable cause of guilt, or discharged. If held to answer, the trial may follow in a court of record, but the examination is no part thereof. The mere reading of section 10,216, supra, [a predecessor of § 29–01–27, N.D.C.C.] makes it too clear for discussion that it can have no application to preliminary examinations. It plainly applies to trials only. * * * Committing magistrates are of limited powers, and must look to statutory provisions to authorize their acts. They have no inherent power to bind the county for the compensation of attorneys appointed by them to defend indigent persons. Strictly speaking, they have no power to appoint such attorneys. All that these magistrates have power to do, and

the only duty enjoined on them by the Constitution or statutes, is to grant defendants in criminal cases the right and opportunity to procure and to be heard by counsel. The power of appointment and to fix the compensation is not granted to justices of the peace or magistrates.

Section 13 of our State Constitution reads as follows:

In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf; and to appear and defend in person and with counsel. No person shall be twice put in jeopardy for the same offense, nor be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law.

There is no contention made by the petitioner that any of the provisions of Section 13 have been violated. It is, however, his contention that the judge's failure to inform him that he was entitled to the advice of counsel and to the appointment of counsel at public expense if he was indigent, violated the Sixth and Fourteenth Amendments to the United States Constitution. In other words, he argues that the right to have the assistance of counsel in all criminal prosecutions assured under the Sixth Amendment is available to him in a state prosecution under the Due Process Clause of the Fourteenth Amendment, and that this right relates to a preliminary hearing or to any critical stage of the proceedings. Assuming, for the purpose of discussion, that the county judge did not inform the petitioner of his right to be represented by counsel and, if he was indigent, to be represented by court-appointed counsel, without conceding that such was the fact, we shall next consider this contention.

In Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, the United States Supreme Court in 1942 said:

\* \* \* By the Sixth Amendment the people ordained that, in all criminal prosecutions, the accused should "enjoy the right \* \* \* to have the Assistance of Counsel for his defence." We have construed the provision to require appointment of counsel in all cases where a defendant is unable to procure the services of an attorney, and where the right has not been intentionally and competently waived. Though, as we have noted, the amendment lays down no rule for the conduct of the states, the question recurs whether the constraint laid by the amendment upon the national courts expresses a rule so fundamental and essential to a fair trial, and so, to due process of law, that it is made obligatory upon the states by the Fourteenth Amendment. \* \* \*

Betts v. Brady, supra, 316 U.S. 455, 464–465, 62 S.Ct. 1252, 1257.

In conclusion the court said:

[T]he Fourteenth Amendment prohibits the conviction and incarceration of one whose trial is offensive to the common and fundamental ideas of fairness and right, and while want of counsel in a particular case may result in a conviction lacking in such fundamental fairness, we cannot say that the amendment embodies an inexorable command that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel.

Betts v. Brady, supra, 316 U.S. 455, 473, 62 S.Ct. 1252, 1262.

Twenty-one years later, in Gideon v. Wainwright, 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799, 93 A.L.R.2d 733, the court, speaking through Justice Black, said:

We accept Betts v. Brady's assumption, based as it was on our prior cases, that a provision of the Bill of Rights which is "fundamental and essential to a fair trial" is made obligatory upon the States by the Fourteenth Amendment. We

think the Court in *Betts* was wrong, however, in concluding that the Sixth Amendment's guarantee of counsel is not one of these fundamental rights. * * *

It should be noted, however, that both *Betts* and *Gideon* involved the issue of the right of the accused to have counsel appointed for him to assist him in the trial of his case; and that neither involved the right of the accused at the preliminary hearing to be informed of the right to counsel or the right, if indigent, to have counsel appointed. We therefore conclude that neither of the cases is pertinent to the specific issues involved in the instant case, as in this case the record clearly shows that at the time of arraignment the petitioner understandingly waived his right, not only to the advice of counsel, but to the appointment of counsel at the State's expense if he was indigent.

In this case, before the district court permitted the state's attorney to file the information and read it to the petitioner, the court informed the petitioner that he had the right to speak to an attorney before he entered court and that he had the right to be represented by an attorney in court at all stages of the proceedings, and that if he did not have the means to employ an attorney, the court would appoint one to represent him. After so informing the petitioner, the court asked him if he wanted an attorney, and he replied in the negative. The court then asked him if he was turning down the opportunity of having an attorney because he didn't have any money. To this question the petitioner answered in the negative. The court then asked him if he understood that the court would appoint one for him. To this question he answered, "Yes." The court then asked him if, knowing this, he would still say that he did not want one, to which the petitioner replied, "Yes." Following the filing of the information and the reading of it in open court, the district court, referring to the fact that the information had now been read to the petitioner, asked him if he still wished to proceed without an attorney, and he answered, "Yes." Thereafter the court informed the petitioner of his right to a speedy and public trial before a fair and impartial jury and of his right to waive the trial by entering a plea of guilty or have the trial by entering a plea of not guilty. After informing the petitioner of other rights, including the right to enter one of four pleas, the court informed him that he had the right to a reasonable time to enter his plea to the charge and asked him if he would like additional time to consider the matter before entering a plea, to which the petitioner answered that he wished to plead "now."

Before taking the plea, however, the court informed the petitioner that he was charged with the offense of burglary, and in order to determine whether the petitioner understood the charge, the court asked him a number of questions, some of which follow:

> THE COURT: * * * Is there anything about that that you do not understand? Do you know what burglary is?

> THE DEFENDANT: Yes.

> THE COURT: What is burglary?

> THE DEFENDANT: Breaking into a place with intent to steal.

> THE COURT: Is this a felony or is it a misdemeanor?

> THE DEFENDANT: A felony.

> THE COURT: What is a felony?

> THE DEFENDANT: Well, I don't actually know the definition of it.

> THE COURT: What can happen if you are convicted of a felony?

> THE DEFENDANT: You are sent to prison.

THE COURT: That is the difference between a felony and a misdemeanor, isn't it?

THE DEFENDANT: Yes.

THE COURT: You can go to prison on a conviction of a felony; and you don't go to prison on a conviction of a misdemeanor, you have a fine or a county jail sentence, isn't that right?

THE DEFENDANT: Yes, sir.

THE COURT: You understand all these things?

THE DEFENDANT: Yes.

THE COURT: Understanding all these things, Mr. Starratt, what say you, are you guilty or not guilty of the crime charged against you in the Information, which is that of burglary?

THE DEFENDANT: Guilty.

The petitioner further asserts that the constitutional right to counsel attaches at all "critical stages" of the proceedings and is not satisfied by an appointment at a time or under circumstances that preclude the effective aid of counsel. In support thereof he cites Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.

In studying *Powell* we note that the court found the record showed that immediately upon the return of the indictment, the defendants were arraigned and pleaded not guilty. The court said that they were not asked whether they had or were able to employ counsel or wished to have counsel appointed, or whether they had friends or relatives who might assist in that regard if communicated with. In a later part of the opinion the court said:

In the light of the facts outlined in the forepart of this opinion—the ignorance and illiteracy of the defendants, their youth, the circumstances of public hostility, the imprisonment and the close surveillance of the defendants by the military forces, the fact that their friends and families were all in other states and communication with them necessarily difficult, and above all that they stood in deadly peril of their lives—we think the failure of the trial court to give them reasonable time and opportunity to secure counsel was a clear denial of due process.

But passing that, and assuming their inability, even if opportunity had been given, to employ counsel, as the trial court evidently did assume, we are of opinion that, under the circumstances just stated, the necessity of counsel was so vital and imperative that the failure of the trial court to make an effective appointment of counsel was likewise a denial of due process within the meaning of the Fourteenth Amendment. Whether this would be so in other criminal prosecutions, or under other circumstances, we need not determine. All that it is necessary now to decide, as we do decide, is that in a capital case, where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeblemindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; and that duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case. * * *

Powell v. State of Alabama, supra, 287 U.S. 45, 71, 53 S.Ct. 55, 65.

In considering *Hamilton,* we note that in that case the petitioner appealed, asserting that he had been denied counsel at the time of arraignment. The Supreme Court said that, whatever may be the function and importance of arraignment in other jurisdictions, it had enough to show that in Alabama it is a critical stage in a criminal

proceeding. The court, speaking through Justice Douglas, emphasized that it was at the arraignment that the defense of insanity must be pleaded, and that thereafter the plea may not be made except in the discretion of the trial judge. It further stressed that pleas in abatement must also be made at the time of arraignment, and that it is then that motions to quash based on systematic exclusion of one race from grand juries or on the ground that the jury was otherwise improperly drawn must be made.

An analysis of *White,* a *per curiam* opinion of the United States Supreme Court in 1963, discloses that the petitioner there was arrested on May 27, 1960; that he was brought before a magistrate on May 31, 1960, for a preliminary hearing, but that the hearing was postponed and not actually held until August 9, 1960; that at that time he was not yet represented by a lawyer; that at the preliminary hearing he pleaded guilty; and that when he was finally arraigned on November 25, 1960, he was represented by appointed counsel and entered pleas of not guilty and not guilty by reason of insanity. At his trial the plea of guilty made at the preliminary hearing was introduced in evidence. The Supreme Court said:

> Whatever may be the normal function of the "preliminary hearing" under Maryland law, it was in this case as "critical" a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel.

> We repeat what we said in Hamilton v. [State of] Alabama, [368 U.S. 52], at 55, 82 S.Ct. at 159, that we do not stop to determine whether prejudice resulted: "Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." We therefore hold that Hamilton v. [State of] Alabama governs and that the judgment below must be and is *reversed.*

White v. State of Maryland, 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193.

It is our view that the facts of these three cases distinguish them from the instant case and therefore make their rulings inapplicable to it.

However, in light of the importance which the United States Supreme Court, in *Powell,* placed upon the fact that the defendants in that case were ignorant and illiterate youths faced with public hostility and in deadly peril of their lives, we point out that in this case the petitioner was fifty years old, had finished two years of junior college, had after college played professional baseball, and, commencing with the year 1937, had served time intermittently in penal institutions of several states, mostly for burglary.

■ Under North Dakota law a plea is not to be received at a preliminary hearing, and none was received at the preliminary hearing in the instant case. The preliminary examination is held to determine whether a public offense has been committed and whether there is sufficient cause to believe that the defendant is guilty thereof. See § 29–07–20, N.D.C.C. According to § 29–07–02, the defendant may waive a preliminary examination and, if the examination is waived, the magistrate is required to hold the defendant to answer and shall either admit him to bail or commit him to custody. In the instant case, when the defendant waived his preliminary examination, his bail was set at $3,000, and he was committed into the custody of the county sheriff until said bail was secured or until his trial should be had. This was proper.

■ We believe that the statements made in two recent United States Court of Appeals cases express the proper rules to be applied in determining the issue before us. In United States ex rel. Cooper v. Reincke, 333 F.2d 608, 611 (2d Cir. 1964),

cert. denied 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181, the court said:

> From Hamilton v. [State of] Alabama and White v. [State of] Maryland, it is plain that there is no arbitrary point in time at which the right to counsel attaches in pretrial proceedings. Even in White, decided after Gideon, the Court did not refer to counsel "at every stage." Rather, the "critical" point is to be determined both from the nature of the proceedings and from that which actually occurs in each case. * * *

■ In Chester v. People of State of California, 355 F.2d 778, 780 (9th Cir. 1966), the majority of the court, speaking through Judge Hamley, said:

> An accused has a constitutional right to representation by counsel at a preliminary examination in a state court if, under the facts of the particular case, the examination is a critical stage in the criminal proceeding. * * *

In *Reincke* the court said that the Connecticut hearing in probable cause had been accurately characterized as a mere inquest made to determine the existence of probable cause and to discharge the accused if no probable cause existed, and that under those circumstances the Connecticut hearing in probable cause could not be characterized as critical.

In that case the defendant had entered a plea of not guilty, but the court went on to quote from the decision of Headen v. United States, 115 U.S.App.D.C. 81, 317 F.2d 145 (1963), to indicate that if the defendant there had entered a plea of guilty, he would have been permitted to withdraw the plea and it could not have been used against him.

■ We think that decision and the other decisions cited in *Reincke* to the same effect are especially pertinent in this case, because the petitioner herein additionally alleges that his constitutional rights have been violated because he signed a confession of guilt before being advised by the district court of his right to be represented by counsel and of his right to have counsel appointed to represent him if he was indigent. As the district court indicated, the signed confession of guilt, which was attached to the state's attorney's statement of the defendant's request to plead guilty, was obtained only because of the general view of all the parties concerned that only if the defendant signed such a confession could he be arraigned out of term time. There is no evidence that any negotiation was made by any of the law enforcement officials to secure the confession, and no such contention is made by the petitioner. The signed confession of guilt was not filed with the district court until after the petitioner was fully informed of his rights and before he orally pleaded guilty. Under these circumstances the signing of the confession in no way prejudiced him.

Incidentally, all parties were in error as to the necessity of filing a signed confession of guilt in this case, as the predecessor of § 29–09–03, which was similar to it, has been construed not to require the filing of a verified statement of the state's attorney or a written confession of guilt of the defendant before a criminal information can be filed out of term time when the defendant is to appear before the court for arraignment in the county in which the crime charged is alleged to have been committed. See State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849; and State v. Pedie, 58 N.D. 27, 224 N.W. 898.

We believe that the great majority of state and federal court decisions support our views in this case. See the annotation, "Accused's Right to Assistance of Counsel At or Prior to Arraignment." 5 A.L.R.3d 1269.

In Carnley v. Cochran, a 1962 case, the United States Supreme Court, speaking through Justice Brennan, said:

> * * * [W]e recognized in Rice v. Olson [324 U.S. 786, 65 S.Ct. 989, 89

L.Ed. 1367] that, although the Fourteenth Amendment would not countenance any presumption of waiver from the appearance of the accused without counsel and the silence of the record as to a request, the entry of the guilty plea might have raised a fact issue as to whether the accused did not intelligently and understandingly waive his constitutional right. * * *

Carnley v. Cochran, 369 U.S. 506, 515, 82 S.Ct. 884, 890, 8 L.Ed.2d 70.

In *Rice* the Supreme Court held that a hearing was required because the facts were in dispute. In the instant case, however, the facts are not in dispute as to the circumstances surrounding the petitioner's waiver of his constitutional right to be represented by counsel and to have counsel appointed to represent him if he was without funds at the arraignment.

Many courts have applied the rule that any alleged irregularity pertaining to a preliminary hearing is deemed to have been waived when a defendant enters a voluntary plea of guilty at the arraignment in district court. Cf. State v. Jordan, 193 Kan. 664, 396 P.2d 342 (guilty plea with advice of counsel waived preliminary hearing or defects therein); People v. Losinger, 331 Mich. 490, 50 N.W.2d 137, 44 A.L.R.2d 1449, cert. denied 343 U.S. 911, 72 S.Ct. 644, 96 L.Ed. 1327 (plea of guilty entered without counsel waives preliminary examination); State v. Gee, 408 S.W.2d 1 (Mo. 1966) (rule stated, but case remanded for evidentiary hearing); State v. Brevet, 180 Neb. 616, 144 N.W.2d 210, cert. denied Losieau v. State of Nebraska, 386 U.S. 967, 87 S.Ct. 1050, 18 L.Ed.2d 119 (guilty plea, without advice of counsel, waives defects in preliminary hearing).

Our court has held that the right to a preliminary hearing is waived if an accused voluntarily pleads guilty to the information without objecting that he has not been given or has not waived a preliminary hearing. That being the case, it would appear logical that such a plea would also constitute a waiver of the right to be represented by counsel at the preliminary hearing. Cf. State v. New, 75 N.D. 433, 28 N.W.2d 522; State ex rel. Johnson v. Broderick, supra.

However, this question of waiver aside, we conclude that petitioner's alleged lack of counsel while before the committing magistrate or at the time of the voluntary signing of the confession of guilt did not prejudice him, as neither of these periods constituted a critical stage in the proceedings against him.

As has been pointed out, the preliminary hearing is held for the purpose of determining whether an offense has been committed and whether there is probable cause to believe the accused has committed it. A finding of probable cause is not final and cannot be used against an accused upon a subsequent trial in district court. The accused is not required to, nor did the petitioner in this case, enter a plea at the preliminary hearing, nor is he required to raise any special defenses at the preliminary hearing. Further, the confession of guilt was voluntarily given and was not put into the record on arraignment until after the petitioner had freely, intelligently, and understandingly waived his right to counsel and had voluntarily pleaded guilty.

Thus it is clear that the aforementioned stages did not give rise to factors which influenced the final judgment; therefore, the petitioner was not deprived of any of his constitutional rights.

The district court's order denying the petitioner's motion to set aside the judgment is affirmed.

STRUTZ, C. J., and KNUDSON, PAULSON and TEIGEN, JJ., concur.