**STATE of North Dakota, Plaintiff and Respondent,**

**v.**

**Fredrick Lewis BARLOW, Defendant and Appellant.**

**Cr. No. 417.**

Supreme Court of North Dakota.

Nov. 16, 1971.

Christensen, Christensen & Bear, Bismarck, for defendant and appellant.

Helgi Johanneson, Atty. Gen., Bismarck, Thomas L. Burgum, State's Atty., Jamestown, for plaintiff and respondent.

PAULSON, Judge.

Fredrick Lewis Barlow [hereinafter Barlow] was convicted of the crime of larceny of an automobile by entering his plea of guilty before the district court of Stutsman County. He was sentenced to a term of from two to five years in the state penitentiary. After being incarcerated in the penitentiary, Barlow filed an application for a post-conviction hearing under the Uniform Post-Conviction Procedure Act, Chapter 29–32 of the North Dakota Century Code, alleging that his constitutional and statutory rights had been violated, and, thereafter, on January 4, 1971, a post-conviction hearing was held before the district court of Stutsman County. Barlow has appealed to this court, under the provisions of § 29–32–09, N.D.C.C., from the judgment of the district court denying relief.

The record reveals that Barlow and three other men were arrested without a warrant by the Rolette County sheriff on June 8, 1970, after notification by customs officers when the stolen car in which Barlow and his companions were riding was stopped at the Canadian border by the customs officers and Barlow and his companions were refused clearance as they attempted to enter Canada and were ordered by the customs officers to return to North Dakota. Barlow has urged several grounds in contending that his constitutional and statutory rights were violated. His contentions are that he was arrested without a warrant and without probable cause; that there was unreasonable delay in taking him before a

magistrate in the county in which he was arrested; that he was interrogated by officials after his arrest without having his attorney present and without being taken before a magistrate; that a preliminary hearing was waived by his attorney, rather than by the accused; that he was coerced into signing a confession and he entered a plea of guilty without being fully informed as to the consequences of such a plea; that he was denied the effective assistance of counsel; and that the circumstances of his confinement broke down his will, thereby making his plea of guilty involuntary and coerced.

■ The primary question to be considered in this case is the effect of Barlow's guilty plea on procedural defects which may have occurred prior to his plea. The general rule is that a voluntary plea of guilty waives all nonjurisdictional defects. 22 C.J.S. Criminal Law § 424(6), (7); 21 Am.Jur.2d Criminal Law § 495; and 20 A.L.R.3d 724.

In the federal courts it is established that "a *voluntary* plea of guilty constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point, including an illegal arrest, failure to advise * * * [the defendant] of his constitutional rights, and an involuntary confession [emphasis added]". Williamson v. State of Alabama, 441 F.2d 549 (5th Cir. 1971). To the same effect are: United States v. Karger, 439 F.2d 1108 (1st Cir. 1971), cert. den. 403 U.S. 919, 91 S.Ct. 2230, 29 L.Ed.2d 696 (1971); United States v. McElya, 142 U.S. App.D.C. 38, 439 F.2d 548 (1971); Austin v. Perini, 434 F.2d 752 (6th Cir. 1970); United States v. Briscoe, 428 F.2d 954 (8th Cir. 1970), cert. den. 400 U.S. 966, 91 S.Ct. 378, 27 L.Ed.2d 386, reh. den. 401 U.S. 926, 91 S.Ct. 891, 27 L.Ed.2d 831; Runge v. United States, 427 F.2d 122 (10th Cir. 1970); and Woodward v. United States, 426 F.2d 959 (3d Cir. 1970).

The United States Supreme Court has recently considered the question of collateral attacks on convictions based on guilty pleas in the cases of McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

In McMann v. Richardson, *supra* 397 U.S. at 772, 90 S.Ct. at 1449, the United States Supreme Court stated:

"* * * a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney. For the respondents * * * [to prevail] each must demonstrate gross error on the part of counsel when he recommended that the defendant plead guilty * * *"

In Parker v. North Carolina, *supra*, the United States Supreme Court denied collateral relief to the defendant, who allegedly was coerced into making a confession, because the evidence showed that more than a month after the allegedly coerced confession was made, the defendant pleaded guilty in open court and told the court that he had not been promised anything and that the plea was made freely without fear or compulsion.

In Brady v. United States, *supra*, the United States Supreme Court held that fear of a possible death sentence if the case were tried to a jury did not invalidate a plea of guilty where the plea met the standard of voluntariness and was made by one fully aware of the direct consequences of the plea.

In Application of Dutro, 83 S.D. 168, 156 N.W.2d 771 (1968), the South Dakota Supreme Court held that an inexcusable five-day delay between arrest and appearance before a magistrate was not a basis for collateral relief because the accused waived all nonjurisdictional defects by voluntarily pleading guilty.

While our court has not previously considered this question, the authorities cited carry substantial weight and we accordingly adopt the rule that a voluntary plea of guilty constitutes a waiver of the nonjurisdictional defects alleged to have occurred in this case prior to the guilty plea.

■ It is necessary, then, at this point, to examine the voluntariness of Barlow's guilty plea. There are federal guidelines to follow when considering guilty pleas. In Boykin v. Alabama, 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court stated:

> "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. * * *
>
> * * * * * *
>
> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation omitted.] Second, is the right to trial by jury. [Citation omitted.] Third, is the right to confront one's accusers. [Citation omitted.] We cannot presume a waiver of these three important federal rights from a silent record."

And, in Brady v. United States, *supra* 397 U.S. at 748, 90 S.Ct. at 1469, the United States Supreme Court stated:

> "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

It is well established under North Dakota law that a plea of guilty must be free and voluntary and, consequently, this court has previously had to evaluate the circumstances surrounding guilty pleas in order to determine whether they were entered as a result of threats or coercion. Application of Stone, 171 N.W.2d 119 (N.D.1969) cert. denied 397 U.S. 912, 90 S.Ct. 912, 25 L.Ed.2d 93; State v. Whiteman, 67 N.W.2d 599 (N.D.1954); State v. Malnourie, 67 N.W.2d 330 (N.D.1954); and State v. Layer, 48 N.D. 366, 184 N.W. 666 (1921).

In State v. Whiteman, *supra*, and State v. Malnourie, *supra*, this court set aside guilty pleas on the grounds that such pleas were coerced and involuntary. The two defendants in these cases, Whiteman and Malnourie, were principals in the same crime and there was evidence adduced by the two defendants of beatings, mob violence, and threats of mutilation of the defendants by the use of chains and a wrecker truck. The facts in the case at bar are dissimilar to the facts in the *Whiteman* and *Malnourie* cases and the language used in Application of Stone, *supra*, 171 N.W.2d at 123 is more appropriate to the facts in this case:

> "The petitioner in the instant case * * does not submit any proof to support his claim that he was ever induced or coerced into pleading guilty. Furthermore, the record is devoid of any evidence which would in any manner assist this court in determining whether the guilty pleas were involuntary."

The applicable portions of the transcript of the proceedings just prior to Barlow's plea of guilty entered before the district court are set forth as follows:

> "THE COURT: What I have said thus far, and what I am going to say now, as to your rights, will be said only once and you won't have to listen to it again. So, what I am saying to Mr. Barlow will apply to you [Carl Watkins] as well.
>
> "If you have any questions at the end then you can ask me or ask your attorney.
>
> "You have a right to a lawyer, an attorney, and this has been respected, you have one—one has been appointed for you.

"You have a right to a speedy, fair, and public trial by a fair and impartial jury.

"Now, the next jury term will be in November in this County so if you can reconcile that with a speedy, fair, and public trial, which is next November, this is the next jury term, and I want you to know that right off the bat. This trial would be if you enter a plea of not guilty.

"You are entitled to have a copy of the Information which charges you with the commission of a crime. You are entitled to meet the witnesses against you face to face; that is, to have them testify in Court, under oath, and thereby giving you the right, or your attorney, to cross-examine them. You have a right to the process of the Court to compel the attendance of witnesses to testify in your behalf. You cannot be compelled to be a witness against yourself. You cannot be forced to take the witness stand to testify, and the fact that you do not testify will not be held against you in any manner whatsoever. You are presumed to be innocent and the State must prove you are guilty of the charge beyond a reasonable doubt. The State's Attorney does not have the right to comment on the fact you did not take the stand—in case of a trial—and this cannot be used to prejudice you at all.

"Now do you understand that you have a right to have witnesses on your own behalf and that you could cross-examine the State's witnesses?
"DEFENDANT BARLOW: Yes.

\* \* \* \* \* \*

"THE COURT: You understand you would not have to take the witness stand and testify unless you desired to do so?

"DEFENDANT BARLOW: Yes.

\* \* \* \* \* \*

"THE COURT: And if this would be the case the State's Attorney could not comment on your failure to do so?

"DEFENDANT BARLOW: Yes.

\* \* \* \* \* \*

"THE COURT: Do you understand in a trial you would be presumed innocent until proven guilty beyond a reasonable doubt?

"DEFENDANT BARLOW: Yes.

\* \* \* \* \* \*

[THE COURT:] "Do you understand all the constitutional rights that have been explained to you?

"DEFENDANT BARLOW: Yes.

"THE COURT: Do you understand the charge which has been brought against you?

"DEFENDANT BARLOW: Yes.

\* \* \* \* \* \*

"THE COURT: The Information charges you with having committed the crime of larceny of an automobile, Mr. Fredrick Lewis Barlow. Do you understand that charge?

"DEFENDANT BARLOW: Yes.

"THE COURT: Before you came into court today have you made any confessions or admissions to the police, or the State's Attorney, about committing this crime?

"DEFENDANT BARLOW: No.

"THE COURT: Have any threats been made by anyone to cause you to plead guilty?

"DEFENDANT BARLOW: No.

"THE COURT: I pointed out to you before the range of punishment is from one to seven years, and you understand that this is what you could get if you pleaded guilty?

"DEFENDANT BARLOW: Yes.

\* \* \* \* \* \*

"THE COURT: Are you now on probation or parole?

"DEFENDANT BARLOW: No.

"THE COURT: Have you discussed this matter of making a plea with anyone?

"DEFENDANT BARLOW: No— Yes.

"MR. JUNGROTH: The answer is yes; he discussed it with me.

"THE COURT: When was this and what was the gist of that discussion?

"MR. JUNGROTH: You talked to Mackenzie off and on for two weeks?

"DEFENDANT BARLOW: Yes.

"THE COURT: Are you at the present time under the influence of any drugs or liquor?

"DEFENDANT BARLOW: No.

"THE COURT: I understand, Mr. Mackenzie was your attorney, and he is a partner of Mr. Jungroth, but he isn't here today, do you find fault with that?

"DEFENDANT BARLOW: No.

\* \* \* \* \* \*

"THE COURT: Do you find any fault in the way your lawyer or lawyers have advised you and have handled your case up to this point?

"DEFENDANT BARLOW: No.

"THE COURT: Are you ready to make a plea at this time?

"DEFENDANT BARLOW: Yes.

"THE COURT: I will ask you to be sworn and take the stand."

■ On appeal, Barlow argues that his plea of guilty was not freely and voluntarily made. Barlow offers no evidence of coercion, but rather urges that the circumstances of his arrest and confinement prevented him from exercising his free will in entering a guilty plea. We cannot agree with this contention. In the proceedings before the district court Barlow was not only advised by the court of all of his con-stitutional rights, but the court also inquired whether Barlow understood the nature of the charge against him, whether any threats had been made by anyone to cause him to plead guilty, and whether Barlow was satisfied with his counsel; and, further, the court indicated, as a penalty, that the sentence would vary from one to seven years in the penitentiary. Barlow furnished meaningful answers to the court's inquiries. When there is a contradiction between the record and the unsupported assertion of an accused, our decision in State v. Starratt, 153 N.W.2d 311 (N.D.1967), compels us to accept the verity of the record. This is not to say that the record cannot be impeached, but to do so requires more than the unsupported, general assertion of the accused. Our holding is in accord with the recent decision of the United States Supreme Court in Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970)—a case in which the facts closely parallel the facts in the case at bar.

■ We are satisfied that the record of the proceedings in the instant case shows that the federal constitutional requirements as set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), have been complied with and that the mandates of the North Dakota Constitution have not been contravened, and the statutory requirements have not been violated.

We conclude that Barlow voluntarily and knowingly pleaded guilty and that his decision to enter such plea was intelligently made with sufficient awareness of the relevant circumstances and likely consequences; and particularly where Barlow, at the time of the entry of his guilty plea, was 22 years old; had an eighth-grade education; was advised by competent and experienced counsel with whom he had indicated satisfaction; and at no time had suffered from any mental deficiency.

■ Barlow has argued that he was not taken before a magistrate in the county in which he was arrested, and that the three-day delay in taking him before a

magistrate was unreasonable. § 29–06–25, N.D.C.C. As to the issue that Barlow was brought before a magistrate in Stutsman County rather than in Rolette County, our decision in Fournier v. Roed, 161 N.W.2d 458 (N.D.1968), leads us to the conclusion that although this was error in view of the express language of § 29–06–25, N.D.C.C., such error was not prejudicial to Barlow since the same purpose was served by his appearance before the magistrate in Stutsman County. Therefore, such error did not deprive the court of jurisdiction and, in any event, the error was waived by the guilty plea. It is recognized that in *Fournier* there was no contention that the arresting officer did not have reasonable grounds to arrest the accused and that in the case at bar Barlow has contended that there was no probable cause to arrest him. Where there was an all-points bulletin issued on the stolen car; the Rolette County sheriff's office was advised of the stolen vehicle by the Stutsman County authorities; that there were four young men occupying the stolen vehicle; that an unregistered gun was found in the stolen car; and the four young men had attempted to surreptitiously cross the Canadian border—such factors constituted probable cause for the arrest of Barlow without a warrant.

■ On the question of the unreasonableness of a three-day delay in bringing Barlow before a magistrate, we recognize that this is a questionable practice and that in some cases a three-day delay would be unreasonable. The decision in the case of Wakaksan v. United States, 367 F.2d 639 (8th Cir. 1966) cert. denied 386 U.S. 994, 87 S.Ct. 1812, 18 L.Ed.2d 341, defines an unreasonable delay as a delay which furnishes an opportunity for interrogation and eliciting of damaging statements. This definition is in harmony with the language used by the United States Supreme Court in Culombe v. Connecticut, 367 U.S. 568, 584–585, 81 S.Ct. 1860, 1869, 6 L.Ed.2d 1037 (1961):

"Recognizing the need to protect criminal suspects from all of the dangers which are to be feared when the process of police interrogation is entirely unleashed, legislatures have enacted several kinds of laws designed to curb the worst excesses of the investigative activity of the police. The most widespread of these are the ubiquitous statutes requiring the prompt taking of persons arrested before a judicial officer; these are responsive both to the fear of administrative detention without probable cause and to the known risk of opportunity for third-degree practices which is allowed by delayed judicial examination." [Citing, among others, the case of Haggard v. First Nat. Bank of Mandan, 72 N.D. 434, 8 N.W.2d 5 (1943)].

In the case at bar, Barlow was asked at the hearing whether he had made any confessions or admissions or whether he had been threatened by anyone, and he replied in the negative. On these facts we find that the delay was not unreasonable, since there was no evidence of interrogation or eliciting of damaging statements.

■ Barlow also asserts that he was denied due process because his attorney waived a preliminary hearing for him. In support of his argument, Barlow cites the case of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). We find this contention without merit. While *Coleman* holds that a preliminary hearing is a critical stage of a criminal proceeding and therefore the accused must be represented by counsel, we do not believe *Coleman* to be applicable in this case since Barlow was represented by counsel at the preliminary hearing and, therefore, we hold that he was not denied any of the constitutional rights which the decision in *Coleman* intended to protect, even though the waiver was made by counsel rather than by Barlow. The record reveals that Barlow was present when the preliminary hearing was waived and that at the time of the hearing a number of witnesses for the State were present and prepared to testify and, had there not been a waiver, the county judge would have been obligated to conduct a pre-

liminary hearing. Barlow is bound by his failure to object at that time and he waived such right by his plea of guilty.

Another contention which Barlow has made is that he pleaded guilty because he was promised that he would receive a suspended sentence. We find that this contention is untenable. The record of the post-conviction hearing reveals that the state's attorney testified under oath that he had never made any such promise to Barlow. Barlow has the burden of overcoming this testimony on the record and we hold that he failed to sustain his burden. Determining the sentence to be given a defendant is a function of the trial judge and we are disinclined to believe that a state's attorney would make such a promise without some showing other than the unsupported assertion of the accused.

Lastly, Barlow contends that he was coerced into signing a confession of guilt because he was not advised of his rights and other constitutional protections. Our decision in State v. Starratt, 153 N.W.2d 311 (N.D.1967), states that such a confession is not prejudicial for the reason that a written confession of guilt is not necessary under § 29–09–03, N.D.C.C., where the defendant is to appear before the court for arraignment in the county in which the crime was alleged to have been committed. This case is on firmer ground than *Starratt* since, in *Starratt,* the accused was not represented by counsel and in this case the record shows that Barlow was represented by counsel—his counsel witnessed Barlow's signature on his confession of guilt. The record reveals that Barlow's confession was not used against him. Williamson v. Alabama, 441 F.2d 549 (5th Cir. 1971), holds that an involuntary confession is waived by a guilty plea; therefore, Barlow's contention is not persuasive.

For the reasons stated, the judgment of the district court denying relief is affirmed.

STRUTZ, C. J., and ERICKSTAD, TEIGEN and KNUDSON JJ., concur.