20799

William H. (Smiley) WRIGHT, Respondent, v. STATE of
South Carolina, Appellant.

(248 S. E. (2d) 587)

October 30, 1978.

LITTLEJOHN, Justice:

The respondent, William H. (Smiley) Wright (Wright), brought this post-conviction relief action, alleging that his guilty plea to murder on January 17, 1949, should be set aside and a new trial granted. He alleges that he was coerced, that the plea was not voluntary, and that he was discouraged from asserting his fifth amendment rights to plead not guilty and, in addition, he alleges that he was not afforded the right to counsel at any stage of the proceedings as required by the State and Federal Constitutions. The trial judge found that he had made out his case only on the point

that counsel was not afforded him. On this sole basis a new trial was granted. The State has appealed.

At the time of entering the guilty plea, the statutes of this state required that all defendants charged with capital offenses be represented by counsel, and it was the duty of the court to appoint unless an attorney was employed. At the time of the guilty plea the courts in this state did not keep extensive records of the proceedings as is the custom today. The indictment infers that the defendant was represented by Attorney Hutto of the Richland County Bar. It is the uncorroborated testimony of Wright that he did not have an attorney, that he did not know Mr. Hutto, that he did not know that he was entitled to an attorney, and that he pled guilty for fear of being sentenced to the electric chair. Mr. Hutto, the trial judge and the solicitor are deceased.

In *Tucker v. State*, 248 S. C. 344, 149 S. E. (2d) 769 (1966), this court said:

"It is well settled that the burden is upon a petitioner in *habeas corpus* to sustain the allegations of his petition by the greater weight or preponderance of the evidence. The question before us is whether after the lapse of many years the uncorroborated testimony of the petitioner is legally sufficient to sustain this burden of proof, even though it is contradicted by unimpeached court records which reflect a different state of facts."

On authority of *Tucker*, we hold that the lower court erred in granting a new trial.

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.