**Myrna R. OLSON, Plaintiff and Appellant,**

v.

**Richard W. OLSON, Defendant and Appellee.**

**Civ. No. 10751.**

Supreme Court of North Dakota.

Jan. 28, 1985.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for plaintiff and appellant; argued by Shirley A. Dvorak, Grand Forks.

Bruce E. Bohlman, Grand Forks, for defendant and appellee.

ERICKSTAD, Chief Justice.

Myrna R. Olson has appealed from the Amended Judgment entered by the District Court of Cass County on May 31, 1984, whereby the court modified the custody arrangement provided in an original divorce decree. We affirm.

Myrna, a professor at the University of North Dakota, and Richard, an attorney, have a 7-year-old son, Nathan. The custody arrangement under the original decree was based upon a custody settlement agreement between Myrna and Richard.

The original decree contained lengthy, detailed provisions relating to custody, visitation, and other related matters. It provided that Richard and Myrna would have joint legal and physical custody of Nathan who was to reside with Richard on Tuesdays and Wednesdays and with Myrna on Sundays, Mondays, and Thursdays; the weekends were split into two blocks of time during which Nathan's custody alternated between Myrna and Richard. The decree also provided that if either parent moved from Grand Forks Nathan would remain in the physical custody of the parent who continued to reside in Grand Forks.

Less than one year after entry of the original decree, Richard and Myrna recognized that the joint custody arrangement was not working well. Each sought sole legal and physical custody of Nathan, and Myrna also requested that the district court amend the decree to allow her to remove Nathan from North Dakota so that she could accept employment elsewhere.

A hearing was held, and the trial court subsequently amended the custody portion of the original decree. The amended judgment provided that Richard and Myrna were to continue their joint legal custody over Nathan with shared responsibility in making major decisions affecting Nathan. However, the trial court made Myrna the "principal physical custodian of Nathan, subject to the liberal and reasonable rights of [Richard] to have Nathan in his physical custody for sufficient times as will preserve and promote the parent-child relationship between Nathan and his father." Richard and Myrna apparently agree that the district court, by naming Myrna Nathan's principal physical custodian, intended that she have primary physical custody of Nathan and that she be primarily responsible for establishing reasonable visitations between Richard and Nathan.

The amended judgment retained the provision that if either parent moves from Grand Forks the parent continuing to reside in Grand Forks will have physical custody of Nathan.

In substance, Myrna has raised the following three issues on appeal:

1. Whether or not it would be in Nathan's best interest to terminate Richard and Myrna's joint legal custody over Nathan and to give Myrna

sole legal and physical custody over Nathan with structured visitations for Richard;

2. Whether or not there is a presumption that the custodial parent's decision to move to another state is in the child's best interest; and

3. Whether or not the district court erred in refusing to amend the original decree to allow Myrna to move, with Nathan, from Grand Forks.

The trial court's determination regarding child custody is a finding of fact which will not be set aside on appeal unless it is clearly erroneous. Rule 52(a), N.D.R. Civ.P.; *Larson v. Larson*, 294 N.W.2d 616 (N.D.1980). When a trial court is requested to modify a custody award, it must determine whether or not there has been a significant change of circumstances which, in the best interests of the child, requires a change in custody. *Miller v. Miller*, 305 N.W.2d 666 (N.D.1981).

In this case, the trial court found that both Richard and Myrna had a "significant nurturing relationship" with Nathan that was important to each of them and that each was a "fit and proper parent to have custody of Nathan." Having made those findings and being cognizant of the agreement between Richard and Myrna that the failure of the original custody arrangement constituted a significant change of circumstances, the trial court determined that Richard and Myrna should continue to have joint legal custody over Nathan with responsibility to participate in all major decisions affecting him but that Myrna should be Nathan's principal physical custodian. Having carefully reviewed the entire record before us, we conclude that the trial court's determination was not clearly erroneous.

The trial court's modification of the original divorce decree constituted an obvious attempt to provide a workable custody arrangement which would allow Richard and Myrna to share important decisions affecting Nathan and to enjoy a substantial personal relationship with Nathan. We are compelled to add, however, that unless Richard and Myrna are determined to cooperate, with Nathan's best interests at heart, neither this modified custody arrangement nor any other can succeed. This Court's admonishment to the parents in *Lapp v. Lapp*, 293 N.W.2d 121 (N.D. 1980), is peculiarly applicable to Richard and Myrna:

"There are no winners in child custody battles, nor are there any painless solutions. Divorced parents must recognize that the disturbing situation was brought about by them. They must try to cooperate, deal with the vagaries of post-divorce life, and attempt to make the custody arrangement work in order to safeguard their child's, not to mention their own, physical, mental, emotional, and psychological well-being. All due consideration must be given to the child's developmental needs. Once the child of a divorce becomes the focus of conflict between parents, many irrational negative attitudes will begin to find expression and the ultimate loser will surely include the innocent child. Divorced parents and the respective grandparents should always exercise extreme caution to avoid poisoning the mind of the child toward the other parent or grandparent, particularly in cases of joint or split custody.

"The courts are unable to compel the development of healthy parent-child relationships. Nor are courts able to supervise the ongoing day-to-day happenings between parent and child. Specific conditions imposed concerning custody arrangements and visitation rights can only be justified and made workable through the combined efforts of the parents. We sincerely hope the parties in the present case recognize the importance of cooperation, and we encourage them to set aside their differences and work to provide a healthful environment for their minor child." 293 N.W.2d at 130–131.

On appeal, Myrna urges this Court to adopt a presumption that the custodial parent's decision to move or change resi-

**252**

dence with the child is in the child's best interests. We decline to do so.

The Minnesota Supreme Court has construed its statutory provisions, which are significantly different from ours in this respect, as "establishing an implicit presumption that removal will be permitted, subject to the noncustodial parent's ability to establish that removal is not in the best interests of the child." *Auge v. Auge*, 334 N.W.2d 393, 397 (Minn.1983). We believe the foregoing presumption is inconsistent with the following statute of this state:

> "14–09–07. *Residence of child.* A parent entitled to the custody of a child shall not change the residence of the child to another state except upon order of the court or with the consent of the noncustodial parent, where the noncustodial parent has been given visitation rights by the decree; however, a court order shall not be required if the noncustodial parent has not exercised such visitation rights for a period of one year."

At least in cases such as this where the noncustodial parent has been given and has exercised visitation rights, the custodial parent has the burden of securing an order for a change of residence of the child to another state by demonstrating that it is in the best interests of the child to do so. *See, Burich v. Burich*, 314 N.W.2d 82 (N.D.1981). In our state, there is a legally recognizable right of visitation between a child and the noncustodial parent which is considered to be in the best interests of the child. *See* Subsection 14–05–22(2), N.D. C.C.; *Gardebring v. Rizzo*, 269 N.W.2d 104 (N.D.1978).

The statutory recognition of visitation rights between a child and the noncustodial parent is consistent with placing the burden upon the custodial parent to show that moving the child to another state is in the child's best interest. We conclude that there is no presumption that a custodial parent's decision to change the child's residence to another state is in the child's best interests. We are unpersuaded that it would be consistent with our statutes or

otherwise appropriate to adopt such a presumption, and we refuse to do so.

Myrna asserts that the trial court erred in refusing to amend the original decree to allow her to retain physical custody of Nathan if she moves from Grand Forks. The provision in the original decree that physical custody of Nathan would revert to the parent residing in Grand Forks if the other parent moved was based upon the custody agreement between Richard and Myrna, which recognized that such an arrangement would provide continuity and stability for Nathan. The trial court obviously determined that there was not a significant change of circumstances which would warrant, in Nathan's best interests, a modification of that provision. Having carefully reviewed the record together with the relevant factors advanced by Richard and Myrna relating to this issue, we conclude that the trial court's refusal to modify the provision was not clearly erroneous.

In accordance with this opinion, the amended judgment of the district court is affirmed.

GIERKE and VANDE WALLE, JJ., VERNON R. PEDERSON, Surrogate Judge, and LARRY M. HATCH, District Judge, concur.

HATCH, District Judge, participated.

PEDERSON, Surrogate Judge, participated in this case by assignment pursuant to § 27–17–03, N.D.C.C.