**Norma CROSS, Plaintiff and Appellant,**

v.

**Richard CROSS, Defendant and Appellee.**

**Civ. No. 10924.**

Supreme Court of North Dakota.

Oct. 1, 1985.

Teevens, Johnson & Montgomery, Minot, for plaintiff and appellant; argued by Bruce Montgomery, Minot.

Ella Van Berkom, Minot, for defendant and appellee.

LEVINE, Justice.

This appeal is from an amended judgment changing permanent custody of a minor child from the mother to the father and is governed by North Dakota Rule of Civil Procedure 52(a). Because we conclude the findings of the district court were supported by sufficient evidence, we affirm the judgment.

In 1981 Norma Cross and Richard Cross were divorced and Norma was given custody of their minor son. In granting custody to Norma, who is an alcoholic, the trial court concluded her alcoholism was under control and she was fit to have custody of the child.

On August 31, 1982 Norma left her son, then three and a half years old, home alone and went to a local tavern. Norma became so intoxicated as to lose consciousness and require hospitalization. The child was removed from Norma's custody by the County Social Services and, after being adjudicated a deprived child pursuant to North Dakota Century Code ch. 27–20, was placed in Richard's temporary custody.

The child remained in Richard's custody for over two years when Richard brought a motion to amend the divorce judgment to grant him permanent custody. The motion was granted and this appeal by Norma followed.

To warrant modifying a custody award the party seeking modification must show a significant change in circumstances which, in the best interests of the child,

requires a change of custody. *Olson v. Olson*, 361 N.W.2d 249 (N.D.1985); *Lapp v. Lapp*, 336 N.W.2d 350 (N.D.1983). The trial court's decision to modify a custody award is a finding of fact which will not be reversed on appeal unless it is clearly erroneous. *Olson v. Olson, supra.*

 Norma contends that the trial court's decision was clearly erroneous. However there was sufficient evidence of Norma's inability to control her alcoholism for the trial court to find that a significant change in circumstances had occurred (since the divorce) and that a change in custody would be in the child's best interests. Norma's argument that the trial court disregarded the expert testimony is unpersuasive since the trial court was not obligated to accept the experts' opinions when there was sufficient other evidence to support its findings. *Gardebring v. Rizzo*, 269 N.W.2d 104 (N.D.1978). Norma's further assertions of procedural and evidentiary errors by the trial court were not raised below and therefore cannot be asserted for the first time on appeal. *Andersen v. Teamster's Local 116 Bldg. Club*, 347 N.W.2d 309 (N.D.1984).

Accordingly, the judgment of the district court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE, and MESCHKE, JJ., concur.