**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Curtis SLAPNICKA, Defendant and Appellant.**

**Crim. No. 1094.**

Supreme Court of North Dakota.

Oct. 28, 1985.

---

**34**

Glenn Dill, Asst. State's Atty., Kenmare, for plaintiff and appellee.

Schoppert Law Firm, New Town, for defendant and appellant; argued by Thomas K. Schoppert.

ERICKSTAD, Chief Justice.

The defendant, Curtis Slapnicka, appeals from the lower court judgment denying his application for post-conviction relief. We affirm.

Curtis Slapnicka was convicted of driving under the influence of intoxicating liquor on January 7, 1982, before the county justice in Bottineau County Court. The court imposed a fine of $150. No prison sentence was issued. On October 18, 1982, Slapnicka was convicted of actual physical control [of a motor vehicle while under the influence of intoxicating liquor]. No details concerning this conviction are in the record. Slapnicka was arrested on September 24, 1983, and charged with "[driving] vehicle while under the influence of alcohol" in violation of Section 39–08–01, N.D. C.C.,[1] and with driving while license suspended in violation of Section 39–06–17, N.D.C.C.

On January 9, 1984, Slapnicka, through his attorney, pleaded guilty to a class A misdemeanor in connection with the Sep-

---

1. Statements made at trial indicate that Slapnicka voluntarily submitted to a blood test to determine alcohol content. The results of the test revealed that Slapnicka had a blood alcohol concentration of .23 of one percent.

tember 24, 1983, arrest.[2] This guilty plea was the result of a plea bargain arranged by Slapnicka's attorney and the assistant states attorney. This plea bargain involved Slapnicka pleading guilty to driving under the influence in exchange for the State dismissing the charge of driving while license suspended. The court accepted the plea, imposed a fine of $1,000 plus $50 costs, sentenced Slapnicka to 120 days imprisonment with 60 days suspended for one year, and ordered a referral for addiction evaluation.

Slapnicka, after retaining other counsel, filed an application for post-conviction relief. In support of this application, Slapnicka argued that his January 7, 1982, conviction should not have been used to enhance the penalty of his January 9, 1984, conviction. The basis of this argument was that Slapnicka did not have counsel, was not advised of his constitutional right to counsel in connection with his January 7, 1982, conviction, and that this conviction, according to *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), should not have been used to enhance the subsequent conviction.[3]

On September 21, 1984, the trial court entered its judgment denying Slapnicka's application for post-conviction relief. The court's ruling was based upon the finding that Slapnicka was represented by competent counsel on January 9, 1984, when he entered a plea pursuant to an agreement. The court also found that the plea agreement was entered into in good faith by Slapnicka and the State. The fact that new counsel had a different view of the applicable law or of the appropriateness of the

plea agreement was not considered material by the court.

In his brief on appeal, Slapnicka argues that *Baldasar v. Illinois, id.*, forbids his uncounseled guilty plea of January 7, 1982, from being used to enhance the penalty of his January 9, 1984, conviction. In oral argument, however, counsel for Slapnicka reluctantly conceded that we should address the question of the finality of a guilty plea with advice of counsel before addressing the issues raised by *Baldasar*.

Generally, a voluntary plea of guilty waives all nonjurisdictional defects alleged to have occurred prior to the guilty plea. *State v. Gilley*, 289 N.W.2d 238, 240 (N.D.1980); *State v. Barlow*, 193 N.W.2d 455, 457 (N.D.1971). This includes alleged violations of constitutional rights. *Gilley*, 289 N.W.2d at 240; *Barlow*, 193 N.W.2d at 457. Applying these rules to the case at hand, we find that Slapnicka, in pleading guilty to a third DUI or physical control offense, waived all violations of constitutional rights alleged to have occurred before the guilty plea was entered. Slapnicka's guilty plea, accordingly, waived the alleged unconstitutionality of using an uncounseled guilty plea to enhance the penalty of a subsequent DUI conviction. Were it not for this waiver, this case would be controlled by *State v. Orr*, 375 N.W.2d 171 (N.D. Oct. 1, 1985).

While Slapnicka does not specifically allege the issue of incompetency of counsel, he does imply that his attorney acted unwisely at the January 9, 1984, proceeding. He argues in his supplemental brief that he "can see no logical reason why" his attor-

---

**2.** According to Section 39–08–01(3), N.D.C.C., a first or second conviction for DUI or physical control within a five-year period is a class B misdemeanor. Three or more offenses within a five-year period constitutes a class A misdemeanor. Therefore, in pleading guilty to a class A misdemeanor, Slapnicka was acknowledging that this was his third conviction within a five-year period.

**3.** The docket entry for the January 7, 1982, conviction does not indicate whether or not Slapnicka was informed of his right to counsel and other related constitutional rights. Slapnic-

ka claims that it is undisputed that he was not advised of his constitutional rights. The State disputes this, contending that, while the docket is silent on this matter, the mere existence of this docket indicates that Slapnicka was advised of his right to counsel. The docket used by the county court was a pre-printed docket with all the empty spaces left blank with the exception of the words "150 fine." The relevant pre-printed portion of the docket reads, "The Court then informed the defendant of his right to the aid of counsel at every stage of the proceedings."

ney did not challenge the court's use of his January 7, 1982, uncounseled guilty plea to enhance his subsequent conviction. Slapnicka, in hindsight, bases his argument upon his belief that he would have received a shorter sentence had his attorney adopted a different strategy.

The standard of effective counsel is not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *State v. Wolf,* 347 N.W.2d 573, 575 (N.D.1984); *State v. Carr,* 346 N.W.2d 723, 726 (N.D. 1984). In a criminal case, the defense counsel is presumed competent and adequate, and the burden is on the party alleging incompetence to present evidence to overcome this presumption. *United States v. Cronic,* 466 U.S. 648, ——, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657, 667 (1984); *State v. Wolf,* 347 N.W.2d at 575. When a party attempts to show ineffective assistance of counsel in a criminal case, he can do so "only by pointing to specific errors made by trial counsel." *United States v. Cronic,* 104 S.Ct. at 2050; *Strickland v. Washington,* 466 U.S. 668, ——, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984). *See also* our decisions in *State v. Thompson,* 359 N.W.2d 374, 377 (N.D.1985), and *State v. Patten,* 353 N.W.2d 30, 33 (N.D.1984). As we had not yet rendered our decision in *Orr* at the time of the entry of the plea on January 9, 1984, especially in light of our view of the nonbinding effect of *Baldasar v. Illinois,* we could not fault counsel for not anticipating it.

We need not, however, decide whether or not counsel competently represented Slapnicka in approving a plea of guilty to third charge after two convictions, as that issue was not raised in the lower court and thus cannot be raised for the first time on appeal. *Cross v. Cross,* 374 N.W.2d 346 (N.D.1985); *Andersen v. Teamster's Local 116 Bldg. Club, Inc.,* 347 N.W.2d 309, 313 (N.D.1984). The general rule that issues not raised in the lower court will not be considered on appeal includes constitutional issues not raised in the lower court. *Caldis v. Board of County Commissioners, Grand Forks County,* 279 N.W.2d 665, 667 (N.D.1979); *Family Center Drug v. North Dakota State Board of Pharmacy,* 181 N.W.2d 738, 746 (N.D.1970).

For the reasons stated herein, the judgment of the county court is in all respects affirmed.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.