STATE of North Dakota, Plaintiff and Appellee,

v.

John Darrel PARISIEN, Defendant and Appellant.

Cr. No. 900354.

Supreme Court of North Dakota.

May 7, 1991.

Arne F. Boyum, Jr., Rolla, for defendant and appellant.

Mary Kathleen O'Donnell, States Atty., Rolla, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

John D. Parisien was convicted in the County Court for Rolette County of Driving under Suspension and Fleeing a Police officer after entering pleas of guilty to both charges. We affirm.

Parisien challenges the convictions, asserting that the county court failed to comply with Rule 11, N.D.R.Crim.P., by failing to "personally" advise Parisien of his rights and by accepting a plea of guilty when Parisien had not knowingly and voluntarily waived his right to counsel. Parisien also complains that he is currently being held at the state penitentiary in violation of section 12–51–09 of the North Dakota Century Code because the county court sentenced him to commitment at the state farm and he has not received written explanation as to why he is being held at the penitentiary.

The central focus of this appeal is Rule 11(b), N.D.R.Crim.P., which reads:

"(b) *Advice to Defendant.* The court may not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, informing the defendant of and determining that the defendant understands the following:

(1) The nature of the charge to which the plea is offered;

(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered;

(3) That the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty;

(4) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial by jury or otherwise and the right to be confronted with adverse witnesses; and

(5) If the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding against the defendant and, if necessary,

one will be appointed to represent the defendant, as provided in Rule 44, North Dakota Rules of Criminal Procedure."

■ The procedures which are outlined in Rule 11 are mandatory and binding upon the court. *State v. Schumacher*, 452 N.W.2d 345 (N.D.1990); *State v. Hagemann*, 326 N.W.2d 861, 865 (N.D.1982); *State v. Mortrud*, 312 N.W.2d 354, 356 (N.D.1981); *State v. McKay*, 234 N.W.2d 853, 859 (N.D.1975). However, compliance with Rule 11 does not require the court to examine the defendant in a predetermined, ritualistic manner. *State v. Boushee*, 459 N.W.2d 552, 555 (N.D.1990) (citing *State v. Storbakken*, 246 N.W.2d 78 (N.D.1976)). *See also, State v. Hoffarth*, 456 N.W.2d 111, 113 (N.D.1990); *Schumacher*, 452 N.W.2d at 347; *Hagemann*, 326 N.W.2d at 866.

■ On September 17, 1990, Parisien appeared before the County Court for Rolette County. Parisien and an unknown number of other defendants were provided with a "group" explanation of rights.[1] The group explanation covered the defendants' right to counsel, their right to plead guilty or not guilty, and their rights concerning a trial by jury; the group explanation covered subsections 3, 4, and 5 of Rule 11(b). Subsequent to the "group" explanation of rights, Parisien was individually informed of his right to counsel, the maximum and minimum penalties of the charges, the nature of the charges, and questioned about his understanding of the group explanation.[2]

1. As a group, the defendants were informed of the following:
   "THE COURT: I believe all of you are appearing on what we would call misdemeanor complaints. In connection with those types of complaints you have the right to have an attorney present or time to see one. If you cannot hire an attorney at your own expense, the Court may appoint one at public expense to represent and to defend you. However if public funds are used for attorney fees there may be requirements to repay those fees at a later date if you're able to do so. You also have the right to a trial where the State would be required to show by evidence that you've committed the offenses that they are claiming. You would have the opportunity to present any witness or defenses that you may have. That trial could either be to myself as a judge or to a jury. If you believe that you did not commit the offense and you wanted a trial then you would enter a plea of not guilty. On the other hand if you believe you did commit the offense, you didn't want a trial then you can enter a plea of guilty. If a person either pleads guilty or is found guilty after a trial, a sentence within the limits that will be explained to you, can be imposed. Of course if you are found not guilty or the case is dismissed for whatever reason, then there would be no sentence involved."

2. The following discussion transpired between the county court judge and Parisien:
   "THE COURT: Okay so you're 44 now? Okay then there are two complaints. The first one is alleging that you were driving while your license is under suspension or revocation in this State. If you're to plead guilty or be found guilty of this [you] would be guilty of a Class B Misdemeanor with a sentence of up to a $500.00 fine, up to 30 days in the County Jail or any combination of those, except that if the suspension or revocation is due to an alcohol related offense there's a minimum jail sentence of four days required. The second offense is alleging or claiming that you were attempting to evade or elude a police officer. If you're to plead guilty or be found guilty of this [you] would be guilty of a Class A Misdemeanor which means that in addition to any sentence there might be in the first case, there could be an additional sentence of up to a $1,000.00 fine, up to one year of imprisonment or any combination of those. Were you present when I made the group explanation of rights that a person is entitled to?
   THE DEFENDANT: Yes.
   THE COURT: Do you have any questions about those rights?
   THE DEFENDANT: No.
   THE COURT: Okay then on either one of these complaints did you want an attorney present or time to see one about it?
   THE DEFENDANT: No.
   THE COURT: Okay then concerning the complaint charging you with Driving While Your License is Under Suspension or Revocation, do you know how you're going to plead to that charge?
   THE DEFENDANT: Yes.
   THE COURT: And what is your plea guilty or not guilty.
   THE DEFENDANT: Guilty.
   THE COURT: And then to the charge of Driving or Attempting to Evade or Elude a Police Officer do you know how you're going to plead to that charge?
   THE DEFENDANT: Yes.
   THE COURT: And what is your plea guilty or not guilty?
   THE DEFENDANT: Guilty with an explanation.
   THE COURT: Pardon oh okay. Has anybody promised you anything, threatened you

Parisien asserts that the county court failed to comply with Rule 11 because the "group" explanation of rights does not constitute "personally addressing" the defendant as required in Rule 11. We disagree.

The pertinent part of Rule 11 reads:

"(b) *Advice to Defendant.* The court may not accept a plea of guilty without first, *by addressing the defendant personally* [except as provided in Rule 43(c)] in open court, informing the defendant of and determining that the defendant understands the following: [Emphasis added.]"

The requirement of "addressing the defendant personally" is satisfied when the court provides one recitation of those rights which are common to all of the defendants, and then subsequently requires each defendant to respond individually. *United States v. Hobson,* 686 F.2d 628, 629–30 (8th Cir.1982) (citing *United States v. Fels,* 599 F.2d 142, 145–46 (7th Cir.1979); *United States v. Laura,* 500 F.Supp. 1347, 1353–54 (E.D.Pa.1980), aff'd, 667 F.2d 365 (3rd Cir. 1981)); *State v. Martens,* 222 Neb. 870, 872, 387 N.W.2d 701, 703 (1986). We believe the county court complied with the requirement of Rule 11 relating to addressing the defendant personally when it collectively informed the defendants of their common rights and then required Parisien to respond individually.

In summary, the group explanation of rights properly informed Parisien of those rights outlined in subsections 3, 4, and 5 of Rule 11(b). Following the group explana-

tion of rights, Parisien was individually informed of the nature of the charges against him, the maximum and minimum penalties for those offenses, and that he had a right to counsel on either or both charges; subsections 1, 2, and 5 of Rule 11(b). Therefore, we are convinced the county court complied with Rule 11 prior to accepting Parisien's pleas.

Parisien also contends that he did not knowingly and voluntarily waive his right to counsel. Compliance with Rule 11 insures that the defendant has knowingly and voluntarily made the decision to plead guilty. *E.g. Boushee,* 459 N.W.2d at 554; *Hoffarth,* 456 N.W.2d at 114. The procedural aspects of Rule 11 are satisfied "if knowledge on the part of the defendant of the rights waived by pleading guilty 'is clearly reflected from the whole record, not just the interrogation of the defendant by the trial court'". *Hagemann,* 326 N.W.2d at 866 (quoting *Storbakken,* 246 N.W.2d at 84).

The burden of establishing a basis for post-conviction relief rests upon the defendant. *E.g. State v. Skjonsby,* 417 N.W.2d 818, 820 (N.D.1987); *State v. Gilley,* 289 N.W.2d 238, 241 (N.D.1980). In *Gilley* we said: "Whenever there is contradiction between the record and the unsupported assertion of an accused, the court is compelled to accept the record." 289 N.W.2d at 241.

During the "group" explanation of rights Parisien was informed that he had a

---

or pressured you in any way to enter a plea of guilty?
THE DEFENDANT: No.
Parisien responded, "Guilty with an explanation" to the charge of fleeing a police officer. Parisien has not raised any issues relative to this response, or the issue of whether or not the county court satisfied itself that there was a factual basis for the plea pursuant to Rule 11(e). *E.g. Kaiser v. State,* 417 N.W.2d 175 (N.D.1987). However, the record includes evidence of the county court's diligent effort to determine whether or not there was a factual basis for the plea and we believe that there was such a basis. Testimony concerning the offenses was provided by Rolette County Deputy Sheriff Don Berg and the defendant. Officer Berg testified that he was called to assist in the pursuit of Perisien

on September 15, 1990. Officer Berg testified that he drove approximately twenty feet behind the defendant, with his top lights and siren activated, for about two miles. At times the two vehicles were traveling at least seventy miles per hour. The defendant testified in part:
"Well I was explaining about that chase there I wasn't—I told you I didn't see the cop until I seen the two police officers. There was two cars parked on number 5. I didn't see the officer following me from Dunseith to ah where these two officers were parked on the highway there. That's all I said, you didn't give me a chance to explain Monday. *Then I knew they were chasing me after I left from there. I was already driving under suspension and fleeing, there was a cop behind me so I just kept going.* [Emphasis added.]"

right to counsel and if he could not afford counsel, counsel would be appointed for him at public expense. When individually questioned as to whether or not he understood the rights which had been explained to the group, he responded that he did understand. Immediately before the county court asked for his pleas, he was again asked, this time individually, whether or not he desired to have an attorney present, and whether or not he desired to have time to talk to an attorney about the current charges. He responded in the negative. Immediately following his pleas, Parisien was asked if he had been promised anything, threatened, or in any way pressured into entering pleas of guilty. He responded in the negative. The record also shows that Parisien has had a number of previous encounters with the criminal justice system, including two prior convictions for fleeing a police officer. Significantly, he was arrested only a matter of fourteen hours after being released from the state farm after serving a sentence for a similar charge. Parisien has neither cited authority nor discussed this issue in his brief.

■ Parisien seemingly argues that it is per se invalid to accept a guilty plea from a defendant who is not represented by counsel.[3] We disagree. We have previously noted that criminal defendants have a sixth amendment right to self-representation where there is a knowing and intelligent election to do so. *In Interest of R.Z.*, 415 N.W.2d 486, 488 (N.D.1987) (citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)).

■ In light of the fact that the county court twice informed Parisien of his right to counsel, that the record discloses that Parisien has had considerable experience with the criminal justice system, that he was specifically questioned as to whether or not he was acting voluntarily, and that Parisien has failed to cite any authority for his assertion, we conclude that Parisien's argument is without merit.[4]

■ Parisien's final argument involves a complaint that he has not received any written notice as to why he is being held in the state penitentiary and not the state farm. Parisien relies upon § 12–51–09, N.D.C.C., for his argument.[5] We find nothing in § 12–51–09, N.D.C.C., that re-

---

**3.** In *State v. Mortrud*, 312 N.W.2d 354, 356 (N.D. 1981), this Court said:

> "The standards for determining whether or not a plea is knowing and voluntary were set out in *State v. Gilley*, 289 N.W.2d 238, 241 (N.D.1980). The defendant is in a position to make a free and rational choice among alternative courses of action open to him if he has:
> (1) Adequate representation by counsel, and
> (2) He has been made aware of the consequences of his guilty plea."

After reviewing *State v. Gilley*, we are convinced that our decision in that case was not intended to establish a single rule for determining when a plea is entered knowingly and voluntarily, but instead, it is merely one example of when a determination of a knowing and voluntary plea can be made. 289 N.W.2d 238, 241 (N.D.1980).

**4.** It is not clear to us whether or not the defendant attempted to avail himself of the procedures for the withdrawal of his plea pursuant to Rule 32(d). However, since the county court seems to have denied such a motion, we have considered the issues on appeal.

**5.** Section 12–51–09, N.D.C.C., reads:

> "*12–51–09. Warden may transfer persons from state farm to penitentiary or from peni-*

tentiary to state farm. When the warden, either at the time of commitment or at any time thereafter, determines that for purposes of safety of other inmates or of the general public or for the purpose of discipline or medical care it is necessary or proper that any person committed to the state farm should be transferred to the state penitentiary, such transfer may be made for such period as the warden deems proper. Where a person who has been committed to the state farm interferes with the operation of the farm, or with the welfare or safety of others, and where in the judgment of the warden the best interests of such person or the best interests and welfare of other persons committed to the farm so require, the warden may direct that such person be removed from the farm and placed in the penitentiary. The warden also may direct that persons who have been sentenced to the penitentiary be transferred to the farm, when such action seems desirable and for the best interests of the person so transferred and in no manner detrimental to the welfare of other persons who have been committed to said farm. The warden may cause persons committed to the said farm to be assigned for work incident to the operations of the penitentiary or of any other institution or facility under the control of the warden."

quires written notice be provided to Parisien. We believe that this argument is also without merit.

For the reasons stated in the opinion, we affirm.

GIERKE, LEVINE and MESCHKE, JJ., concur.

VANDE WALLE, J., concurs in the result.