STATE of North Dakota, Plaintiff and Appellant,

v.

Donovan Jay OLSON, Defendant and Appellee.

Cr. No. 950292.

Supreme Court of North Dakota.

Feb. 28, 1996.

Mark R. Boening, Assistant State's Attorney, Fargo, for plaintiff and appellant.

Charles C. Chinquist, Fargo, for defendant and appellee.

VANDE WALLE, Chief Justice.

The State of North Dakota appealed from a district court order that Donovan Jay Olson's prior conviction for driving while under the influence of alcohol in violation of section 39–08–01, NDCC, could not be used for enhancement purposes. Because a question of fact exists whether or not Olson waived all defects by his guilty plea in the prior conviction, we reverse and remand for further proceedings.

The State filed an Information against Olson stating that on or about May 8, 1995, Olson drove while under the influence of intoxicating liquor in violation of section 39–08–01, NDCC. The Information alleged that the defendant had two prior convictions within the preceding five-year period, and charged Olson with a class A misdemeanor. *See* N.D.Cent.Code § 39–08–01(2).

Olson moved the district court to order that Olson's DUI conviction of February 2, 1993, "be declared invalid for purposes of enhancement" and that only his DUI conviction of March 22, 1995, be considered for enhancement. Olson argued that the February conviction was "due to an uncounselled guilty plea wherein [Olson] did not effectively waive counsel."

In its brief opposing the motion, the State argued that Olson's case was controlled by *State v. Slapnicka*, 376 N.W.2d 33 (N.D. 1985). In *Slapnicka*, the defendant pleaded guilty to a class A misdemeanor in connection with a third DUI offense within a five-year period. After retaining other counsel, Slapnicka filed an application for post-conviction relief, arguing that his first conviction should not have been used to enhance his subsequent offense due to an alleged constitutional violation. In *Slapnicka*, we said:

"Generally, a voluntary plea of guilty waives all nonjurisdictional defects alleged to have occurred prior to the guilty plea. *State v. Gilley*, 289 N.W.2d 238, 240 (N.D. 1980); *State v. Barlow*, 193 N.W.2d 455, 457 (N.D.1971). This includes alleged violations of constitutional rights. *Gilley*, 289 N.W.2d at 240; *Barlow*, 193 N.W.2d at 457. Applying these rules to the case at hand, we find that Slapnicka, in pleading guilty to a third DUI or physical control offense, waived all violations of constitutional rights alleged to have occurred before the guilty plea was entered. Slapnicka's guilty plea, accordingly, waived the alleged unconstitutionality of using an uncounseled guilty plea to enhance the penalty of a subsequent DUI conviction. Were it not for this waiver, this case would be controlled by *State v. Orr*, 375 N.W.2d 171 (N.D. Oct.1, 1985)."

*Slapnicka*, 376 N.W.2d at 35. Quoting from *Slapnicka*, the State asserted that Olson's February 1993 conviction should be used for enhancement because, according to the State, Olson waived all nonjurisdictional defects, including any constitutional violations which may have occurred, when, with the assistance of counsel, he pleaded guilty on March 22, 1995, to a second DUI offense.

At the motion hearing, Olson insisted that the waiver of nonjurisdictional defects discussed in *Slapnicka* only applies when the defendant seeks post-conviction relief. Since

Olson was not applying for post-conviction relief from the March 1995 conviction and had pleaded "not guilty" to the May 8, 1995, offense, Olson argued that he was not precluded from challenging the constitutionality of the February 1993 conviction in the subsequent proceeding.

After taking the motion under advisement, the trial judge issued a memorandum decision and order granting Olson's motion and stating that *Slapnicka* did not apply to Olson's situation:

"This Court is of the opinion that the *Slapnicka* case and cases cited therein, . . . and subsequent cases in which *Slapnicka* is cited should be construed as having application to the particular action in which a Defendant fails to raise the issue of uncounselled prior DUI convictions. These cases all relate to not being able to raise issues on appeal or in post-conviction relief proceedings if the issue has not been raised in the trial court initially. These cases do not involve affirmative waivers, but rather waivers arising from a party's non-action. Unless a contrary intention clearly appears from the record of a proceeding, failure to raise the issue of uncounselled prior DUI convictions in a particular DUI prosecution would not bar the Defendant from raising the issue in a subsequent prosecution for an alleged subsequent DUI offense."

We disagree with the trial court's interpretation that *Slapnicka*'s holding is limited to requests for post-conviction relief. Furthermore, we disagree with the trial court's analysis of waiver.

Our disposition in this case is guided by *State v. Keyes*, 536 N.W.2d 358 (N.D.1995). Decided after the trial court issued its memorandum decision and order in Olson's case, *Keyes* concerned the waiver of nonjurisdictional defects which occurs when a defendant voluntarily pleads guilty to an offense. In *Keyes*, the defendant was charged with a class A misdemeanor under section 39–08–01, NDCC, for a fourth DUI offense in a seven-year period. During the prosecution of the fourth offense, Keyes filed a motion, similar to Olson's motion, challenging the use of his first and second convictions for enhancement

purposes, arguing that the record failed to provide a "factual basis" for the convictions which were grounded upon uncounseled guilty pleas. The State argued that Keyes waived any defects in his uncounseled guilty pleas and resulting convictions when, with representation of counsel, he pleaded guilty in 1991 to a third DUI in a five-year period, a class A misdemeanor. We explained that Keyes' 1991 conviction "rested upon his counseled admission that he had committed his third DUI in the previous five years. Under *Slapnicka*, Keyes' 1991 counseled guilty plea waived the alleged defects in the 1988 and 1990 uncounseled guilty pleas." 536 N.W.2d at 360. We concluded that the trial court erred in ruling that the convictions could not be used for enhancement purposes. Thus, waiver is not limited to the post-conviction context.

■■■ When the trial court discussed waiver in its order, the trial court stated that *Slapnicka* did not require an "affirmative waiver." We disagree. The effect of a defendant's voluntary plea of guilty to an offense is well established. " 'A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.' " *State v. Barlow*, 193 N.W.2d 455, 458 (N.D.1971) [quoting *Boykin v. Alabama*, 395 U.S. 238, 242–243, 89 S.Ct. 1709, 1711–1712, 23 L.Ed.2d 274 (1969) ]. A guilty plea acts as a waiver of several constitutional rights. *See State v. Hamann*, 262 N.W.2d 495 (N.D. 1978) [citing *Boykin, supra* ]; *Barlow, supra*. We have recognized that " '[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' " *Barlow*, 193 N.W.2d at 458 [quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468–1469, 25 L.Ed.2d 747 (1970) ]; *see State v. Decker*, 181 N.W.2d 746, 750 (N.D.1970) [emphasizing that *Boykin, supra*, "stressed the great importance of a record affirmatively showing intelligent and voluntary waiver"]; *see also* N.D.R.Crim. P. 11; *Houle v. State*, 482 N.W.2d 24, 30 (N.D.1992) [explaining that

"before a plea can intelligently and voluntarily be offered, the defendant must be informed of all 'direct consequences' of his plea .... " ]; *State v. Hagemann,* 326 N.W.2d 861, 865 (N.D.1982) [stating that Rule 11, N.D.R.Crim.P., "largely codifies the principles" in *Boykin, supra* ]. Thus, when the defendant is aware of his or her constitutional rights and nevertheless pleads guilty to the offense, the voluntary plea of guilty effectively waives any constitutional violations alleged to have occurred prior to the plea.

▬ But, we do not presume waiver from a silent record. *Barlow, supra,* [quoting *Boykin, supra* ]. We have also said that the trial court is not required to state by name to the defendant every right which the defendant waives by pleading guilty to an offense. *State v. Storbakken,* 246 N.W.2d 78 (N.D.1976). Rather, due process is satisfied when the whole record clearly reflects the defendant's knowledge of the rights waived by pleading guilty. *Id.*; *State v. Gunwall,* 522 N.W.2d 183 (N.D.1994); *Hagemann, supra.* Moreover, "[w]hile inquiry must be fully developed on the record, it need not assume any predetermined, ritualistic form .... " *Storbakken,* 246 N.W.2d at 84.

▬ In both *Slapnicka* and *Keyes,* the defendants were charged with class A misdemeanors. *See* N.D.Cent.Code § 39–08–01(2) ["A person violating this section or equivalent ordinance is guilty of a class B misdemeanor for the first or second offense in a five-year period, and of a class A misdemeanor for a later offense in a five-year period." ] By pleading guilty to the class A misdemeanors, Keyes and Slapnicka were aware that they were being convicted of third offenses, or that the prior convictions were being considered for enhancement. *See Keyes,* 536 N.W.2d at 360 (voluntary guilty plea to class A misdemeanor was "counseled admission" that offense was the third in five years); *Slapnicka,* 376 N.W.2d at 35 n. 2 ("in pleading guilty to a class A misdemeanor, Slapnicka was acknowledging that this was his third conviction within a five-year period"). Thus, in *Keyes* and *Slapnicka,* the record clearly reflected that, at the time of their guilty pleas, the defendants waived the alleged violation of a constitutional right by using an uncounseled guilty plea for enhancement purposes.

Therefore, in this case, the trial court must determine whether, under *Keyes* and *Slapnicka,* Olson waived all violations of constitutional rights, including the use of an uncounseled guilty plea to enhance the penalty of a subsequent DUI conviction, when he pleaded guilty to the March 1995 DUI offense. *See State v. Orr,* 375 N.W.2d 171, 178 (N.D.1985) [holding "that absent a valid waiver of the right to counsel the resulting conviction cannot, under art. I, § 12, N.D.Const., be used to enhance a term of imprisonment for a subsequent offense"]. Here, Olson pleaded guilty on March 22, 1995, to a class B misdemeanor. But, unlike in *Keyes* and *Slapnicka,* Olson's counseled plea of guilty does not by itself reflect that Olson was aware that he was pleading guilty to his second offense because, under section 39–08–01(2), NDCC, a person violating that section is charged with a class B misdemeanor for a first or second offense. The State argues that Olson was sentenced for the March 1995 conviction as if he had been charged with a second offense; therefore, there was a waiver with regard to the use of the February 1993 uncounseled plea. But, although Olson's sentence was equivalent to the mandatory minimum sentence for a second offense within a five-year period, the sentence could have been given for a first offense. *See* N.D.Cent.Code § 39–08–01(4) [providing mandatory *minimum* sentences]. We do not have the appropriate record before us to determine the waiver issue.

We reverse and remand for further proceedings consistent with this opinion.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.